# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| ELLIS HENDERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 15-3243 |
| | ) |
| JEFF KORTE, Warden, | ) |
| Western Illinois Correctional | ) |
| Center, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Ellis Henderson's Amended Petition for Habeas Relief (d/e 2) brought pursuant to 28 U.S.C. § 2254 and § 2241. Because the Amended Petition is a successive § 2254 petition and Petitioner has not obtained permission from the Seventh Circuit to file a successive petition, the Amended Petition is DISMISSED for lack of jurisdiction.

## I. BACKGROUND

Petitioner was convicted of murder and, in June 1994, sentenced to 60 years of imprisonment in Cook County Case No.

90 CR 3776. The state court's judgment order directed the Illinois Department of Corrections (IDOC) to credit Petitioner's sentence "with time served from 1-10-90." See Order of Sentence and Commitment to Illinois Department of Corrections, attached to the Amended Petition (d/e 2). In February 1997, IDOC calculated Petitioner's projected out date (based on credit for time served pre-trial and day-for-day credit) as January 10, 2020. See Sentence Calculation Worksheet, attached to Amended Petition (d/e 2).

In May 2012, the state court entered an Order of Commitment and Sentence to Illinois Department of Corrections ordering 1645 days credit for time actually served in custody. See Order attached to Amended Petition (d/e 2). In August 2012, IDOC calculated Petitioner's projected out date as December 14, 2019. See Single or Concurrent Determinate Sentences Under 1978 Law and Jail Credit, attached to Amended Petition (d/e 2); see also May 22, 2012 IDOC letter (indicating that, although it appeared that the inmate was receiving credit for 1 month and 25 days prior to the offense occurring, IDOC would apply the credit).

In August 2015, Petitioner filed a Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254 and § 2241. See d/e 1. In

September 2015, he filed an Amended Petition (d/e 2).  Petitioner alleges that he is being held beyond his release date, which Petitioner believes was June 4, 2015.  Petitioner bases this on his calculation of credit for time served in pre-trial custody and good-conduct credit.

The Court ordered Respondent, Jeff Korte, to respond to the Amended Petition.  Respondent filed an Answer (d/e 11) requesting that the Amended Petition be denied because Petitioner is not entitled to immediate release.  Respondent also indicated that Petitioner had raised a similar claim in a habeas petition before the Northern District of Illinois that was denied on the merits on July 7, 2015.  See Answer at 2 n.1, citing Henderson v. Alvarez, No. 15 C 4164 (N.D. Ill. July 7, 2015) (finding that Petitioner received his proper sentencing credit).

On November 17, 2015, this Court directed Respondent to address whether Petitioner's Amended Petition was an unauthorized successive petition in light of the filing in the Northern District.  On November 30, 2015, Respondent filed a Response to Court's November 17, 2015 Order (d/e 16) asserting that the Petition was an unauthorized successive petition that

must be dismissed.  The Court granted Petitioner until December 18, 2015, to file a response.  Petitioner has not done so.

## II. ANALYSIS

This Court has reviewed the petition filed by Petitioner in the Northern District and determined that Petitioner is bringing the same claim in the Amended Petition filed in this Court.[1]  See Petition attached to Response (d/e 16).  In both petitions, Petitioner is challenging IDOC's calculation of Petitioner's pre-trial and sentence credit related to Petitioner's 1994 murder conviction.

A prisoner cannot file a successive § 2254 petition without receiving authorization from the court of appeals.  See 28 U.S.C. § 2254(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); see also Rule 11(a) of the Rules Governing § 2254 Proceedings.  Because Petitioner has not received authorization from the Seventh Circuit, the Amended Petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147,

---

[1] Although Petitioner purports to also bring his Petition pursuant to 28 U.S.C. § 2241, § 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody[.]" Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000).

153 (2007) (per curiam) (holding that because the petitioner did not receive authorization from the court of appeals to file his successive § 2254 petition, "the District Court was without jurisdiction to entertain it").

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability.  See 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken to the court of appeals from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless a circuit justice or judge issues a certificate of appealability).  When, as here, a habeas petition is denied on procedural grounds, a certificate of appealability may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court finds that jurists of reason would not find it debatable whether Petitioner's Petition states a valid claim of the

denial of a constitutional right and would not find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

### IV. CONCLUSION

Petitioner's Amended Petition for Habeas Relief (d/e 2) is a second or successive petition that the court of appeals has not granted him leave to file. Therefore, the Court DISMISSES the Amended Petition (d/e 2) without prejudice for lack of jurisdiction. The Court declines to issue a certificate of appealability. THIS CASE IS CLOSED.

ENTER: January 5, 2016

FOR THE COURT:

    s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE